Ms. Neikisha Buchanan c/o Arkansas Department of Health 4815 West Markham Little Rock, AR 72205
Dear Ms. Buchanan:
I am writing in response to your request for my opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), regarding the release of certain records under the Freedom of Information Act (FOIA), A.C.A. §§ 25-19-101 through -109.
You indicate that a former colleague and supervisor has requested the production of certain records from your personnel file relating to your employment with the Public Health Laboratories of the Arkansas Department of Health. Specifically, you report that the requestor has asked for the following records:
My leave records and balances from Jan. 1, 2003 until Aug. 19, 2003;
 Records pertaining to personal grievances filed against myself by other colleagues or grievances filed by myself against other colleagues;
 Records reflecting any personal reprimands or documented written warnings against myself;
Memorandums or other documents or [sic] transfer.
You have not provided me with copies of any of the requested records, nor have you indicated whether the custodian has tentatively decided to release or withhold the requested records.
I am directed by law to issue an opinion as to whether the determination of the custodian of the records regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
Although I am not aware of the custodian's determination regarding the release of the requested records, I will nevertheless offer the following legal guidelines for the releasability of the records in question.
According to your description, some of the requested records constitute "personnel records," and others constitute "employee evaluation/job performance records." The custodian must apply the appropriate tests to these two different types of records to determine whether they should be released.
Personnel Records
The FOIA does not define the term "personnel records." However, this office has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records (discussed below), that pertain to individual employees, former employees or successful job applicants. See, e.g., Ark. Ops. Att'y Gen. Nos.2000-130; 99-147, citing Watkins, The Arkansas Freedom of InformationAct (3d ed. 1998), at 134.
Under the FOIA, personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee. A.C.A. §25-19-105(b)(10). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. at 598. However, as the court noted in Stilley v. McBride,332 Ark. 306, 312, 965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313. Again, the question of whether the records at issue here contain disclosable information under this standard is a question of fact that must be made in the first instance by the custodian of the records.
Of the categories of documents recited in your request, I believe that records relating to leaves and balances (presumably of remaining leave) clearly constitute "personnel records" under the above standard. Such documents are generally releasable so long as specifically exempt information, such as medical records, is redacted prior to their release. See Ark. Ops. Att'y Gen. Nos. 2003-153; 93-300; 91-003.
In my opinion, personal grievances filed by or against you are likewise "personnel records" subject to review for disclosability under the above standard. This office has consistently opined that documented complaints about employees that are unsolicited by the employer constitute personnel records, rather than "employee evaluation/job performance" records. See,e.g., Ark. Op. Att'y Gen. No. 98-001 (finding an unsolicited complaint of sexual harassment to be a personnel record). Accord, Ark. Op. Att'y Gen. No. 2000-058 (grievance created spontaneously and not at the instigation of the employer was a personnel record). See also generally Ark. Ops. Att'y Gen. Nos. 2003-078; 2001-028; 2000-175; 2000-166; 2000-058; 2000-231; 99-026. This classification of unsolicited complaints is in contrast to the classification of documents an employer generates as a part of an investigation into the conduct of an employee, which this office has held to constitute employee evaluation/job performance records (discussed below).
With respect to documents reflecting any transfers you may have made in your employment, depending upon their content, these might be classified as either "personnel records" or "employee evaluation/job performance records." If these forms reflect nothing more than a change in position or a change in salary and do not reflect the reason for the change or any other information concerning the employee's performance or lack of performance on the job, they should be classified as "personnel records" and should be released. This office has consistently opined that salary records and records reflecting nothing more than a change in status are "personnel records" whose release would not constitute a clearly unwarranted invasion of the employee's personal privacy. See Ark. Ops. Att'y Gen. Nos. 2002-043; 2001-144; 2000-267; 2000-203; 97-400.
Employee Evaluation/Job Performance Records
The FOIA uses but does not define the term "employee evaluation/job performance records." This office has taken the position that records relating to an employee's performance or lack of performance on the job are properly classified as "employee evaluation/job performance records" under the FOIA. See, e.g., Ark. Ops. Att'y Gen. Nos. 2003-320 and 2000-242. More specifically, any records created at the behest of the employer that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents constitute employee evaluation or job performance records. See, e.g.,
Ark. Ops. Att'y Gen. Nos. 98-006; 97-222; 95-351; 94-306; 93-055.
Of the documents you have described, records reflecting "personal reprimands or documented written warnings" clearly qualify as "employee evaluation/job performance records" under this definition. As noted in my discussion of the standard applicable to personnel records, if a record documenting an interoffice transfer made by you also relates to your performance or lack thereof, it should also be considered an employee evaluation/job performance record.
"Employee evaluation/job performance records" are subject to disclosure under the FOIA only if the following three conditions apply:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The question of whether the above-listed conditions have been met is one of fact to be resolved in the first instance by the custodian of records. With respect to the first of these prongs, although you are still employed with the Arkansas Department of Health, I am uncertain whether you have been the subject of any suspension proceeding. If you have not, the custodian's inquiry is over and he should decline to produce the records. If you have, the custodian will need to consider the final two prongs of this test in determining whether to release any pertinent records.
With respect to the third prong of this test, the FOIA does not define the term "compelling public interest." Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question." Watkins, supra at 146. He also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy." Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Id. at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") If the custodian's inquiry reaches this point, he or she will need to apply these guidelines in determining whether a compelling public interest exists in release of the records.
The Privacy Interest of Other Employees
Even if the custodian determines that circumstances warrant releasing the requested records under one of the above standards, he or she must further review the records to determine whether they implicate a constitutionally protectable personal privacy interest of anyone named therein. Only the custodian of the records is in a position to make such a determination based upon the available information. Moreover, if the custodian makes the further factual determinations discussed below, the names of other individuals that are reflected in the records, and any other personal identifiers of these individuals, should be redacted prior to their release to the requestor. See Ops. Att'y Gen. Nos. 2003-320; 2001-028; 2000-174; 2000-058; 96-356.
The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City ofLittle Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
If the custodian determines factually that any of the records meet the three prongs of the test laid out by the McCambridge court, he or she must then consider whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs any privacy interest in their nondisclosure. Again, this determination will be a factual one, based upon the information available to the custodian. If the custodian determines that the privacy interest in protecting the individuals' identities outweighs the public's interest in knowing those identities, he or she should redact these individuals' names and personal identifiers before releasing the records.[1]
In addition, the custodian in this particular case should remain aware of several possibly relevant issues. First, any record under consideration may be subject to other exemptions from disclosure, as listed in A.C.A. § 25-19-105. Second, the custodian should review any requested record to determine whether it contains specific information that is exempt from disclosure even if the record itself is not exempt from disclosure. If so, this information should be redacted from the record prior to its release. For example, if the record contains social security numbers, they should be redacted. See, e.g., Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 522a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted. See, e.g., Op. Att'y Gen. No. 99-054. Furthermore, under certain specialized circumstances where the facts indicate that a particular individual has a heightened privacy interest, the listed telephone number should be redacted as well. See Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Ark. Op. Att'y Gen. No.99-054. The FOIA further exempts from disclosure the home addresses of nonelected state, county and municipal employees. A.C.A. §25-19-105(b)(13).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] Records that name more than one employee could also constitute the "personnel records" of all of those employees. The release of such records should therefore be analyzed under the "clearly unwarranted" test discussed above in the text of this opinion. Such an analysis may result in a determination that certain names (but not others) should be redacted. I should note that a custodian could reach this conclusion even without conducting a constitutional privacy analysis.